IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DEVON WOLFENSBERGER, | : |
| | : |
| and | : |
| | : |
| JULIE BURTNER | : |
| | : Case No.: |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| BADREDDINE HADIDANE, et al., | : Removed from the Circuit Court for |
| | : Washington County, Maryland, |
| | : Case No. C-21-CV-22-000133 |
| Defendants | : |

## NOTICE OF REMOVAL

Defendant Oak Crest Contracting, Inc., by undersigned counsel, hereby provides notice pursuant to 28 U.S.C. §§ 1441 and 1446 of the removal of the above-captioned case from the Circuit Court for Washington County, to the United States District Court for the District of Maryland, Northern Division.  As grounds for removal, Oak Crest states as follows:

## BACKGROUND

1.      On March 21, 2022, Plaintiffs Devon Wolfensberger and Julie Burtner filed a Complaint in the Circuit Court for Washington County, Maryland, thereby commencing this action, which is docketed as Case No. C-21-CV-22-0001333 (the "State Court Action").  A copy of the Complaint and Summons is appended as Exhibit A.

2.      Oak Crest was served with the Complaint on May 2, 2022.

## DIVERSITY JURISDICTION

3.      This Court has jurisdiction over this action under 28 U.S.C. § 1332 because there

1

is complete diversity of citizenship between the Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  Jurisdiction and venue in this Court are appropriate pursuant to 28U.S.C. § 1441(a), because this Court is the United States District Court for the district and division embracing the place where the State Court Action was filed.

4.      First, removal is proper because there is complete diversity of citizenship between the real parties in interest.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990); *Navarro Sav. Ass'n v. Lee*, 466 U.S. 458, 460-61 (1980) ("[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."); *Roche v. Lincoln Prop. Co.*, 373 F.3d 610, 613 (4th Cir. 2004) (same).

5.      Plaintiffs allege in their Complaint that they are residents of the state of Maryland. Thus, Plaintiffs are citizens of Maryland for the purpose of determining the existence of diversity of citizenship under 28 U.S.C. § 1332.

6.      Plaintiffs also allege that Defendant Badreddine Hadidane is an adult resident of the Commonwealth of Virginia.  Thus, Hadidane is not a citizen of Maryland for purposes of determining the existence of diversity jurisdiction under 28 U.S.C. § 1332.

7.      Defendant Steve Kemper Builders, LLC is a Pennsylvania limited liability company and has its principal place of business in Missouri.  Thus, Steve Kemper Builders is not a citizen of Maryland for purposes of determining the existence of diversity jurisdiction under 28 U.S.C. § 1332.

8.      Defendant Oak Crest is a Missouri Corporation with its principal place of business in Missouri.  Thus, Oak Crest is not a citizen of Maryland for purposes of determining the existence of diversity jurisdiction under 28 U.S.C. § 1332.

9.      Defendant Accord Marketing and Management, Inc. d/b/a Accord Group is a Missouri Corporation with its principal place of business in Missouri.  Thus, Accord is not a citizen of Maryland for purposes of determining the existence of diversity jurisdiction under 28 U.S.C. § 1332.

10.      Plaintiffs' Complaint seeks in excess of $75,000 plus interest and costs for each of the counts alleged.

11.      Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the District of Maryland is the proper venue for removal, because Washington County, Maryland, the place where Plaintiff filed the State Court Action, is located within the District of Maryland.

## PROCEDURAL COMPLIANCE

12.      Removal of this action is timely.  27 U.S.C. § 1446(b) provides that, "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

13.      Oak Crest first received notice of the filing of the Complaint on May 2, 2022, when its registered agent received a copy of the Summons and the Complaint.  As such, this Notice of Removal is being filed with the United States District Court for the District of Maryland within thirty (30) days after Oak Crest first received notice of the filing of the Complaint.

14.      Pursuant to 28 U.S.C. § 1441(a), the United States District Court for the District of Maryland is the proper venue for removal because Baltimore County, Maryland, the place where Plaintiffs filed the State Court Action, is located within the District of Maryland.

15.      Defendants Steve Kemper Builders and Accord consent to removal.  Oak Crest understands that Defendant Hadidane has not been served and his counsel has not entered his or

her appearance.  Therefore, Oak Crest has not yet able to obtain Hadidane's consent, but expects

to do so once Hadidane is served and his counsel enters their appearance.  *See* U.S.C. 1446(b)(2).

16.     Pursuant to U.S.C. 1446(a), Oak Crest attaches a copy of the Summons and

Complaint it served upon Oak Crest.

17.     Oak Crest serves contemporaneously with this filing a copy of this Notice of

Removal upon Plaintiffs. Oak Crest will also file a Notice of Filing of Notice of Removal with the

Clerk for the Circuit for Washington County, Maryland, as required by 28 U.S.C. § 1446(d).

18.     By filing a Notice of Removal in this matter, Oak Crest does not waive its right to

object to service of process, the sufficiency of process, jurisdiction over the person, or venue.  No

admission of fact, law, or liability is intended by this Notice, and Oak Crest specifically reserves

the right to assert any defenses and/or objections to which Oak Crest may be entitled.

19.     Based upon the foregoing, this Court has jurisdiction over this matter pursuant to

28 U.S.C. § 1332, and this action has been properly removed to this Court.

WHEREFORE, Oak Crest Contracting, Inc. hereby gives notice that the above-captioned,

action, currently pending the Circuit Court for Washington County, Maryland is hereby removed

to this Court.

OAK CREST CONTRACTING, INC.


  /s/ Matthew Berkowitz
Matthew D. Berkowitz, # 17999
Andrew F. Stewart, # 25353
Carr Maloney P.C.
2000 Pennsylvania Avenue, NW, Suite 8001
Washington, D.C.  20006
(202) 310-5500 (Telephone)
(202) 310-5555 (Facsimile)
matthew.berkowitz@carrmaloney.com
andrew.stewart@carrmaloney.com

## CERTIFICATE OF SERVICE

I certify that, on the 1st day of June, 2022, I caused this document to be served via U.S. Mail on the following:

Craig I. Meyer
Berman, Sobin, Gross, Feldman & Darby, LLP
481 North Frederick Avenue, 3rd Floor
Gaithersburg, Maryland 20877
*Counsel for Plaintiff*

Badreddine Hadidane
7208 Sipes Lane
Annandale, Virginia 22003

Steve Kemper Builders, LLC
536 SE State Route 291
Lees Summit, Missouri 64063
    Serve on:
    National Registered Agents, Inc.
    351 West Camden Street
    Baltimore, Maryland 21201

Accord Marketing and Management, Inc.
d/b/a Accord Group
536 SE State Route 291
Lees Summit, Missouri 64063
    Serve on:
    Dustin Doll, President
    536 SE State Route 291
    Lees Summit, Missouri 64063


    */s/ Matthew Berkowitz*
    Matthew Berkowitz