

**CIRCUIT COURT FOR WASHINGTON COUNTY, MARYLAND**
24 Summit Avenue
Hagerstown, Maryland 21740

Civil/Family/Juvenile: 301-790-4972
Criminal: 301-790-7941
General: 301-733-8660
Assignment: 240-313-2540
Maryland Relay Service: 711
Fax Civil/Family/Juvenile: 301-791-0507

**To:** OAK CREST CONTRACTING, INC.
SERVE ON: DUSTIN DOLL - PRESIDENT
536 SE STATE ROUTE 291
LEES SUMMIT, MO 64063

| | |
|---|---|
| **Case Number:** | C-21-CV-22-000133 |
| **Other Reference Number(s):** | |
| **Child Support Enforcement Number:** | |

**DEVON WOLFENSBERGER, ET AL. VS. BADREDDINE HADIDANE, ET AL.**

Issue Date: 3/21/2022

## WRIT OF SUMMONS

You are hereby summoned to file a written response by pleading or motion, within 60 days after service of this summons upon you, in this court, to the attached complaint filed by:

DEVON WOLFENSBERGER; JULIE BURTNER
CRAIG I MEYERS, ESQ
481 N FREDERICK AVE, 3rd FLOOR
GAITHERSBURG, MD 20877

This summons is effective for service only if served within 60 days after the date it is issued.

Kevin R. Tucker
Clerk of the Circuit Court

To the person summoned:

Failure to file a response within the time allowed may result in a judgment by default or the granting of the relief sought against you.

Personal attendance in court on the day named is NOT required.

Instructions for Service:

1. This summons is effective for service only if served within 60 days after the date issued. If it is not served within the 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Maryland Rule 2-126.
4. If this notice is served by private process, process server shall file a separate affidavit as required by Maryland Rule 2-126(a).



**EXHIBIT A**

Circuit Court for Washington County

**Devon Wolfensberger, et al. vs. Badreddine Hadidane, et al.**                    **Case Number: C-21-CV-22-000133**

## SHERIFF'S RETURN
(please print)

To: OAK CREST CONTRACTING, INC.

_____ ID# _____ of the _____
        Serving Sheriff's Name

County Sheriff's office present to the court that I:

    (1) Served _____
                                                        Name of person served

on _____ at _____
        Date of service                                        Location of service

_____ by _____ with the following:
                                                        Manner of service

      ☐ Summons                              ☐ Counter-Complaint

      ☐ Complaint                            ☐ Domestic Case Information Report

      ☐ Motions _____          ☐ Financial Statement

      ☐ Petition and Show Cause Order         ☐ Interrogatories

      ☐ Other _____
                                        Please specify

    (2) Was unable to serve because:

      ☐ Moved left no forwarding address     ☐ No such address

      ☐ Address not in jurisdiction          ☐ Other _____
                                                                Please specify

Sheriff fee: $ _____     ☐ waived by _____

_____          _____
        Date                              Signature of serving Sheriff

Instructions to Sheriff's Office or Private Process Server:

1. This Summons is effective for service only if served within 60 days after the date issued. If it is not served within 60 days, the plaintiff must send a written request to have it renewed.
2. Proof of Service shall set out the name of the person served, date and the particular place and manner of service. If service is not made, please state the reasons.
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

**CC-CV-032 (Rev. 11/23/2020)**          **Page 2 of 2**                    03/21/2022 4:08 PM

IN THE CIRCUIT COURT FOR Washington County
(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

**Plaintiff**: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

**Defendant**: You must file an Information Report as required by Rule 2-323(h).

### THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING

**FORM FILED BY:** ☒PLAINTIFF  ☐DEFENDANT    CASE NUMBER C-21-CV-22-000133
(Clerk to insert)

**CASE NAME:** Devon Wolfensberger and Julie Burtner  vs. Badreddine Hadidane et al.
Plaintiff                                              Defendant

**PARTY'S NAME:** Devon Wolfensberger and Julie Burtner    PHONE:

**PARTY'S ADDRESS:** 15944 Rhododendron Drive, Hagerstown, MD 21740

**PARTY'S E-MAIL:**

If represented by an attorney:

**PARTY'S ATTORNEY'S NAME:** Craig I. Meyers    PHONE: 301-670-7030

**PARTY'S ATTORNEY'S ADDRESS:** 481 N. Frederick Ave., Suite 300, Gaithersburg, MD 20877

**PARTY'S ATTORNEY'S E-MAIL:** cmeyers@bsglaw.com

**JURY DEMAND?** ☒Yes ☐No

**RELATED CASE PENDING?** ☐Yes ☒No  If yes, Case #(s), if known:

**ANTICIPATED LENGTH OF TRIAL?:** _____hours  5  days

### PLEADING TYPE

**New Case:** ☒Original    ☐Administrative Appeal   ☐Appeal
**Existing Case:** ☐Post-Judgment   ☐Amendment
*If filing in an existing case,* skip Case Category/ Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt:
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☒ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment
(Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
 ☐ Commercial
 ☐ Residential
 ☐ Currency or Vehicle
 ☐ Deed of Trust
 ☐ Land Installments
 ☐ Lien
 ☐ Mortgage
 ☐ Right of Redemption
 ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

**CC-DCM-002** (Rev. 04/2017)          Page 1 of 3

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☒ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☒ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☐ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated Liability above*, mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute. ☐ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000     ☐ $10,000 - $30,000     ☐ $30,000 - $100,000     ☒ Over $100,000

☐ Medical Bills $_____     ☐ Wage Loss $_____     ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)
A. Mediation      ☒Yes   ☐No          C. Settlement Conference   ☒Yes   ☐No
B. Arbitration    ☐Yes   ☒No          D. Neutral Evaluation      ☐Yes   ☐No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated **LENGTH OF TRIAL**.*
*(Case will be tracked accordingly)*

☐ 1/2 day of trial or less          ☐ 3 days of trial time

☐ 1 day of trial time               ☒ More than 3 days of trial time

☐ 2 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited-** Trial within 7 months of          ☐ **Standard** - Trial within 18 months of
Defendant's response                              Defendant's response

## EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff............................ . |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | |
|---|---|
| ☐ Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

| March 21, 2022 | /s/ Craig I. Meyers |
|---|---|
| Date | Signature of Counsel / Party |
| 481 N. Frederick Ave., Suite 300 | Craig I. Meyers |
| Address | Printed Name |

| Gaithersburg | MD | 20877 |
|---|---|---|
| City | State | Zip Code |

**CC-DCM-002** (Rev. 04/2017)                    Page 3 of 3

IN THE CIRCUIT COURT FOR WASHINGTON COUNTY, MARYLAND

**DEVON WOLFENSBERGER**                    \*
**15944 Rhododendron Drive**               \*
**Hagerstown, Maryland 21740**             \*
                                           \*        C-21-CV-22-000133
and                                        \*   Case No.: _____
                                           \*
**JULIE BURTNER**                          \*
**15944 Rhododendron Drive**               \*
**Hagerstown, Maryland 21740**             \*
                                           \*
                     Plaintiffs,           \*
                                           \*
v.                                         \*
                                           \*
**BADREDDINE HADIDANE**                    \*
**7208 Sipes Lane**                        \*
**Annandale, Virginia 22003**              \*
                                           \*
and                                        \*
                                           \*
**STEVE KEMPER BUILDERS, LLC**             \*
**536 SE State Route 291**                 \*
**Lees Summit, Missouri 64063**            \*
        **Serve on:**                      \*
        **National Registered Agents, Inc.** \*
        **351 West Camden Street**         \*
        **Baltimore, Maryland 21201**      \*
                                           \*
and                                        \*
                                           \*
**OAK CREST CONTRACTING, INC.**            \*
**536  SE State Route 291**                \*
**Lees Summit, Missouri 64063**            \*
        **Serve on:**                      \*
        **Dustin Doll, President**         \*
        **536  SE State Route 291**        \*
        **Lees Summit, Missouri 64063**    \*
                                           \*
and                                        \*
                                           \*
**ACCORD MARKETING AND**                   \*
**MANAGEMENT, INC.**                       \*
**d/b/a ACCORD GROUP**                     \*
**536  SE State Route 291**                \*

Lees Summit, Missouri 64063                    \*
   Serve on:                              \*
   **Dustin Doll, President**              \*
   536  SE State Route 291                 \*
   Lees Summit, Missouri 64063             \*
                                \*
         **Defendants.**                     \*
                                \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT

NOW COME the Plaintiffs, Devon Wolfensberger and Julie Burtner, by and through their attorneys, Craig I. Meyers and Berman, Sobin, Gross, LLP, and sues the Defendants, Badreddine Hadidane, Steve Kemper Builders, LLC, Oak Crest Contracting, LLC, and Accord Marketing and Management, Inc. d/b/a Accord Group, and for a cause-of-action states:

1.　Plaintiff Devon Wolfensberger is an adult resident of Washington County, Maryland.

2.　Plaintiff Julie Burtner is an adult resident of Washington County, Maryland.

3.　Defendant Badreddine Hadidane is an adult resident of the Commonwealth of Virginia.

4.　Defendant Steve Kemper Builders, LLC (Steve Kemper Builders), is a Pennsylvania limited liability company that does business in Washington County, Maryland.

5.　Defendant Oak Crest Contracting, Inc. (Oak Crest) is a Missouri corporation that either does business in Washington County, Maryland or caused tortious injury in Washington County, Maryland.

6.　Defendant Accord Marketing and Management, Inc. d/b/a Accord Group (Accord) is a Missouri corporation that either does business in Washington County, Maryland or caused tortious injury in Washington County, Maryland.

7.     On or about April 23, 2019, Plaintiff Devon Wolfensberger was operating a
motorcycle eastbound on Business Parkway, at or near the office of Defendant Steve Kemper
Builders, LLC, at or near 16125 Business Parkway, in Hagerstown, Maryland.

8.     At the same time and place, Plaintiff Julie Burtner was riding as a passenger on
the back of Plaintiff Wolfensberger's motorcycle.

9.     As the Plaintiff's travelled eastbound with the right of way, suddenly and without
warning, Defendant Hadidane executed a left turn, directly into the path of the Plaintiffs, casing a
collision and severe injuries to the Plaintiffs.

**COUNT I**
**(Negligence—Hadidane)**

10.     The Plaintiffs herein adopt and restate all prior paragraphs as if repeated at length
herein.

11.     At all times hereto, Defendant Hadidane owed the following duties to the
Plaintiff: to pay proper time and attention; to yield the right of way; to see that which was there
to be seen; to avoid striking other vehicles; to control his speed to avoid a collision; to only
execute left turns when safe to do so; and to obey the Rules of the Road and the laws of the State
of Maryland.

12.     Defendant Hadidane was negligent in that he breached each of the above duties
when he acted as described above.

13.     As a direct and proximate result of Defendant Hadidane's negligence, Plaintiff
Wolfensberger has suffered and will continue to suffer pain and mental anguish; he has incurred
and will incur in the future medical, nursing, physical therapy, and other related charges. He has
suffered injuries, including, but not limited to fractures of his leg and other orthopedic and
related injuries. Plaintiff Wolfensberger's injuries are permanent. Plaintiff Wolfensberger has

lost time from work and has lost earning capacity, and will continue to lose wages in the future. Plaintiff Wolfensberger suffered property damage.

14.     As a direct and proximate result of Defendant Hadidane's negligence, Plaintiff Burtner has suffered and will continue to suffer from pain and mental anguish; she has incurred and will incur in the future medical, nursing, physical therapy, and other related charges. She has suffered injuries, including but not limited to, fractures and other injuries to her back, a traumatic brain injury, and other orthopedic and related injuries. Plaintiff Burtner's injuries are permanent. Plaintiff Burtner has lost time from work and has lost earning capacity and will lose time from work in the future. Plaintiff Burtner has suffered property damage.

15.     The above occurred without any contributory negligence by Plaintiff Wolfensberger or Burtner, or with an opportunity for them to avoid the collision.

WHEREFORE, Plaintiffs Devon Wolfensberger and Julie Burtner demand judgment, each, against Defendant Badreddine Hadidane, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000.00) plus interest and the costs of this action.

## COUNT II
### (Vicarious Liability—Steve Kemper Builders)

16.     The Plaintiffs herein adopt and restate all prior paragraphs and Counts as if repeated at length herein.

17.     At all times relevant hereto, Defendant Hadidane was an employee and agent of Defendant Steve Kemper Builders.

18.     At all times relevant hereto Defendant Hadidane was acting within the scope of his employment and agency with Defendant Steve Kemper Builders.

19.     At all times relevant hereto, to the extent Defendant Hadidane was an employee or agent of Defendant of Oak Crest or Defendant Accord, Defendants Oak Crest and Accord

were acting as agents of Defendant Steve Kemper Builders, and therefore Defendant Hadidane was acting as an agent of Defendant Steve Kemper Builders.

20.     Defendant Steve Kemper Builders is vicariously liable for the tortious conduct of Defendant Hadidane, which occurred within the course and scope of his employment and agency with Defendant Steve Kemper Builders, and through Defendant of Oak Crest or Defendant Accord.

21.     At all times hereto, Defendant Hadidane owed the following duties to the Plaintiff: to pay proper time and attention; to yield the right of way; to see that which was there to be seen; to avoid striking other vehicles; to control his speed to avoid a collision; to only execute left turns when safe to do so; and to obey the Rules of the Road and the laws of the State of Maryland.

22.     Defendant Hadidane was negligent in that he breached each of the above duties when he acted as described above.

23.     Defendant Steve Kemper Builders is vicariously liable for the injuries and losses caused by Defendant Hadidane.

24.     As a direct and proximate result of Defendant Hadidane's negligence, and therefore Defendant Steve Kemper Builders's vicarious negligence, Plaintiff Wolfensberger has suffered and will continue to suffer pain and mental anguish; he has incurred and will incur in the future medical, nursing, physical therapy, and other related charges. He has suffered injuries, including, but not limited to fractures of his leg and other orthopedic and related injuries. Plaintiff Wolfensberger's injuries are permanent.  Plaintiff Wolfensberger has lost time from work and has lost earning capacity, and will continue to lose wages in the future.  Plaintiff Wolfensberger suffered property damage.

25.    As a direct and proximate result of Defendant Hadidane's negligence, and therefore Defendant Steve Kemper Builders's vicarious negligence, Plaintiff Burtner has suffered and will continue to suffer from pain and mental anguish; she has incurred and will incur in the future medical, nursing, physical therapy, and other related charges. She has suffered injuries, including but not limited to, fractures and other injuries to her back, a traumatic brain injury, and other orthopedic and related injuries. Plaintiff Burtner's injuries are permanent. Plaintiff Burtner has lost time from work and has lost earning capacity and will lose time from work in the future. Plaintiff Burtner has suffered property damage.

26.    The above occurred without any contributory negligence by Plaintiff Wolfensberger or Burtner, or with an opportunity for them to avoid the collision.

WHEREFORE, Plaintiffs Devon Wolfensberger and Julie Burtner demand judgment, each, against Defendant Steve Kemper Builders, LLC, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000.00) plus interest and the costs of this action.

## COUNT III
### (Vicarious Liability—Oak Crest)

27.    The Plaintiffs herein adopt and restate all prior paragraphs and Counts as if repeated at length herein.

28.    At all times relevant hereto, Defendant Hadidane was an employee and agent of Defendant Oak Crest.

29.    At all times relevant hereto Defendant Hadidane was acting within the scope of his employment and agency with Defendant Oak Crest.

30.    At all times relevant hereto, to the extent Defendant Hadidane was an employee or agent of Defendant of Steve Kemper Builders or Defendant Accord, Defendants Steve

Kemper Builders and Accord were acting as agents of Defendant Oak Crest, and therefore Defendant Hadidane was acting as an agent of Defendant Oak Crest.

31.     Defendant Oak Crest is vicariously liable for the tortious conduct of Defendant Hadidane, which occurred within the course and scope of his employment and agency with Defendant Oak Crest, and through Defendant of Steve Kemper Builders or Defendant Accord.

32.     At all times hereto, Defendant Hadidane owed the following duties to the Plaintiff: to pay proper time and attention; to yield the right of way; to see that which was there to be seen; to avoid striking other vehicles; to control his speed to avoid a collision; to only execute left turns when safe to do so; and to obey the Rules of the Road and the laws of the State of Maryland.

33.     Defendant Hadidane was negligent in that he breached each of the above duties when he acted as described above.

34.     Defendant Oak Crest is vicariously liable for the injuries and losses caused by Defendant Hadidane.

35.     As a direct and proximate result of Defendant Hadidane's negligence, and therefore Defendant Oak Crest's vicarious negligence, Plaintiff Wolfensberger has suffered and will continue to suffer pain and mental anguish; he has incurred and will incur in the future medical, nursing, physical therapy, and other related charges. He has suffered injuries, including, but not limited to fractures of his leg and other orthopedic and related injuries. Plaintiff Wolfensberger's injuries are permanent. Plaintiff Wolfensberger has lost time from work and has lost earning capacity, and will continue to lose wages in the future. Plaintiff Wolfensberger suffered property damage.

36.     As a direct and proximate result of Defendant Hadidane's negligence, and therefore Defendant Oak Crest's vicarious negligence, Plaintiff Burtner has suffered and will continue to suffer from pain and mental anguish; she has incurred and will incur in the future medical, nursing, physical therapy, and other related charges. She has suffered injuries, including but not limited to, fractures and other injuries to her back, a traumatic brain injury, and other orthopedic and related injuries. Plaintiff Burtner's injuries are permanent. Plaintiff Burtner has lost time from work and has lost earning capacity and will lose time from work in the future. Plaintiff Burtner has suffered property damage.

37.     The above occurred without any contributory negligence by Plaintiff Wolfensberger or Burtner, or with an opportunity for them to avoid the collision.

WHEREFORE, Plaintiffs Devon Wolfensberger and Julie Burtner demand judgment, each, against Defendant Steve Kemper Builders, LLC, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000.00) plus interest and the costs of this action.

## COUNT IV
### (Vicarious Liability—Accord)

38.     The Plaintiffs herein adopt and restate all prior paragraphs and Counts as if repeated at length herein.

39.     At all times relevant hereto, Defendant Hadidane was an employee and agent of Defendant Accord.

40.     At all times relevant hereto Defendant Hadidane was acting within the scope of his employment and agency with Defendant Accord.

41.     At all times relevant hereto, to the extent Defendant Hadidane was an employee or agent of Defendant of Steve Kemper Builders or Defendant Oak Crest, Defendants Steve

Kemper Builders and Oak Crest were acting as agents of Defendant Accord, and therefore Defendant Hadidane was acting as an agent of Defendant Oak Crest.

42.     Defendant Accord shares the same corporate office and board members as Defendants Steve Kemper Builders and Defendant Oak Crest and the employees of Defendants Oak Crest and Steve Kemper Builders identify themselves as employees of Defendant Accord; the companies are operated as a single unit.

43.     Defendant Accord is vicariously liable for the tortious conduct of Defendant Hadidane, which occurred within the course and scope of his employment and agency with Defendant Accord, and through Defendant of Steve Kemper Builders or Defendant Oak Crest.

44.     At all times hereto, Defendant Hadidane owed the following duties to the Plaintiff: to pay proper time and attention; to yield the right of way; to see that which was there to be seen; to avoid striking other vehicles; to control his speed to avoid a collision; to only execute left turns when safe to do so; and to obey the Rules of the Road and the laws of the State of Maryland.

45.     Defendant Hadidane was negligent in that he breached each of the above duties when he acted as described above.

46.     Defendant Accord is vicariously liable for the injuries and losses caused by Defendant Hadidane.

47.     As a direct and proximate result of Defendant Hadidane's negligence, and therefore Defendant Accord's vicarious negligence, Plaintiff Wolfensberger has suffered and will continue to suffer pain and mental anguish; he has incurred and will incur in the future medical, nursing, physical therapy, and other related charges. He has suffered injuries, including, but not limited to fractures of his leg and other orthopedic and related injuries. Plaintiff

Wolfensberger's injuries are permanent. Plaintiff Wolfensberger has lost time from work and has lost earning capacity, and will continue to lose wages in the future. Plaintiff Wolfensberger suffered property damage.

48.     As a direct and proximate result of Defendant Hadidane's negligence, and therefore Defendant Accord's vicarious negligence, Plai tiff Burtner has suffered and will continue to suffer from pain and mental anguish; she has incurred and will incur in the future medical, nursing, physical therapy, and other related charges. She has suffered injuries, including but not limited to, fractures and other injuries to her back, a traumatic brain injury, and other orthopedic and related injuries. Plaintiff Burtner's injuries are permanent. Plaintiff Burtner has lost time from work and has lost earning capacity and will lose time from work in the future. Plaintiff Burtner has suffered property damage.

49.     The above occurred without any contributory negligence by Plaintiff Wolfensberger or Burtner, or with an opportunity for them to avoid the collision.

WHEREFORE, Plaintiffs Devon Wolfensberger and Julie Burtner demand judgment, each, against Defendant Accord Marketing and Management, Inc. d/b/a Accord Group, jointly and severally, in an amount in excess of seventy-five thousand dollars ($75,000.00) plus interest and the costs of this action.

Respectfully Submitted,

BERMAN, SOBIN, GROSS,
FELDMAN & DARBY, LLP


_____/s/ Craig I. Meyers_____
Craig I. Meyers, Esq.
Client Protection Fund No.: 0506140216
481 North Frederick Avenue, 3rd floor
Gaithersburg, Maryland 20877
Attorney for the Plaintiffs
cmeyers@bsgfdlaw.com
301-670-7030

## IN THE CIRCUIT COURT FOR WASHINGTON COUNTY, MARYLAND

| | | |
|---|---|---|
| **DEVON WOLFENSBERGER** | * | |
| 15944 Rhododendron Drive | * | |
| Hagerstown, Maryland 21740 | * | |
| | * | |
| and | * | Case No.: _____ |
| | * | |
| **JULIE BURTNER** | * | |
| 15944 Rhododendron Drive | * | |
| Hagerstown, Maryland 21740 | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | |
| | * | |
| **BADREDDINE HADIDANE** | * | |
| 7208 Sipes Lane | * | |
| Annandale, Virginia 22003 | * | |
| | * | |
| and | * | |
| | * | |
| **STEVE KEMPER BUILDERS, LLC** | * | |
| 536 SE State Route 291 | * | |
| Lees Summit, Missouri 64063 | * | |
| Serve on: | * | |
| National Registered Agents, Inc. | * | |
| 351 West Camden Street | * | |
| Baltimore, Maryland 21201 | * | |
| | * | |
| and | * | |
| | * | |
| **OAK CREST CONTRACTING, INC.** | * | |
| 536  SE State Route 291 | * | |
| Lees Summit, Missouri 64063 | * | |
| Serve on: | * | |
| Dustin Doll, President | * | |
| 536  SE State Route 291 | * | |
| Lees Summit, Missouri 64063 | * | |
| | * | |
| and | * | |
| | * | |
| **ACCORD MARKETING AND** | * | |
| **MANAGEMENT, INC.** | * | |
| d/b/a ACCORD GROUP | * | |
| 536  SE State Route 291 | * | |

Lees Summit, Missouri 64063                    *
    Serve on:                              *
    **Dustin Doll, President**              *
    **536 SE State Route 291**              *
    **Lees Summit, Missouri 64063**         *
                                    *
        **Defendants.**                      *
                                    *

* * * * * * * * * * * * * * * * * * * * * * * * * *

## JURY DEMAND

NOW COME the Plaintiffs, Devon Wolfensberger and Julie Burtner, by and through

their attorneys, Craig I. Meyers and Berman, Sobin, Gross, LLP, and demand a trial by jury on

all Counts and issues.

Respectfully Submitted,

BERMAN, SOBIN, GROSS,
FELDMAN & DARBY, LLP

_/s/ Craig I. Meyers_
Craig I. Meyers, Esq.
Client Protection Fund No.: 0506140216
481 North Frederick Avenue, 3rd floor
Gaithersburg, Maryland 20877
Attorney for the Plaintiffs
cmeyers@bsgfdlaw.com
301-670-7030



RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION

Thank you for using Return Receipt Service

9414 7266 9904 2175 8556 57
RETURN RECEIPT REQUESTED

USPS FIRST CLASS MAIL®

$13.96 US POSTAGE
1 OZ FIRST-CLASS MAIL FLATS RATE
ZONE 5
RETAIL

Trisha Nee
Berman Sobin Gross Feldman & Darby
481 N. Frederick Ave., Suite 300
Gaithersburg MD 20877-2472

SHIP
TO:

Dustin Doll
536 SE State Route 291
Lees Summit MO 64063-4302

9415 4112 0254 0415 7564 19

USPS CERTIFIED MAIL™